IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF BOSTON UNIVERSITY,

    *Plaintiff,*

vs.                                                         Civil Action No. 1:13-cv-11105

ARROW ELECTRONICS, INC.,
COMPONENTSMAX, INC.,
NRC ELECTRONICS, INC.,
NU HORIZONS ELECTRONICS CORP.,
SIERRA IC, INC.,
TOUCHSTONE SYSTEMS, LLC,
VERICAL, INC,
VYRIAN, INC.,

    *Defendants.*

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Trustees of Boston University, by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against Defendants Arrow Electronics, Incorporated; ComponentsMAX, Incorporated; NRC Electronics, Incorporated; NU Horizons Electronics Corporation; Sierra IC, Incorporated; Touchstone Systems, LLC; Verical, Incorporated; and Vyrian, Incorporated (collectively, "Defendants") and alleges as follows:

## PARTIES

1. Plaintiff Trustees of Boston University ("BU" or the "University") is a non-profit educational institution with its principal place of business at One Silber Way, Boston, Massachusetts 02215.

2. The University is one of the largest private universities in the United States, and one of the largest employers in Boston, with more than 10,000 faculty and staff and over 33,000 students. It conducts a diverse range of interdisciplinary, collaborative and innovative research projects across a broad spectrum of academic departments, programs, centers and institutes, including research in the field of electrical and computer engineering. BU has won five Nobel

1

Prizes and has been awarded hundreds of United States Patents, including U.S. Patent No. 5,686,738 (the "'738 patent").

3. Upon information and belief, Defendant Arrow Electronics, Inc. ("Arrow") is a company organized under the laws of New York with its principal place of business at 50 Marcus Drive, Melville, New York 11747. Defendant may be served by effecting service on its registered agent: National Registered Agents, Inc., 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

4. Upon information and belief, Defendant ComponentsMAX, Inc. ("C-MAX") is a company organized under the laws of Florida with its principal place of business at 5373 North Nob Hill Road, Sunrise, Florida 33351. Defendant may be served by effective service on its registered agent: Junaid CPA & Associates, 5401 N University Drive, Suite 102, Coral Springs, Florida 33067.

5. Upon information and belief, Defendant NRC Electronics, Inc. ("NRC") is a company organized under the laws of Florida with its principal place of business at 6600 Park of Commerce Boulevard, Boca Raton, Florida 44387.

6. Upon information and belief, Defendant Nu Horizons Electronics Corporation ("NHE") is a company organized under the laws of Delaware with its principal place of business at 70 Maxess Road, Melville, New York 11747. Defendant may be served by effective service on its registered agent: National Registered Agents, Inc., 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

7. Upon information and belief, Defendant Sierra IC Inc. ("Sierra") is a company organized under the laws of North Carolina with its principal place of business at 209 Kindling Wood Lane, Waxhaw, North Carolina 28173.

8.     Upon information and belief, Defendant Touchstone Systems, LLC ("Touchstone") is a company organized under the laws of Florida with its principal place of business at 1888 Thesy Drive, Melbourne, Florida 32940.

9.     Upon information and belief, Defendant Verical, Inc. ("Verical") is a company organized under the laws of Delaware with its principal place of business at 330 Townsend Street, Suite 202, San Francisco, California 94107.  Defendant may be served by effective service on its registered agent: Paul Neibergs, 855 Front Street, San Francisco, California 94111.

10.    Upon information and belief, Defendant Vyrian, Inc. ("Vyrian") is a company organized under the laws of Texas with its principal place of business at 10101 Southwest Freeway, Suite 400, Houston, Texas 77074.

## JURISDICTION AND VENUE

11.    This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code.  This Court has subject matter jurisdiction over the matters pled herein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

12.    Defendants regularly and deliberately engaged in and/or continue to engage in activities that result in using, selling, offering for sale, and/or importing infringing products and products made by infringing processes in and/or into the Commonwealth of Massachusetts and this judicial district.  These activities violate the University's United States patent rights under the '738 patent as pled herein.  This Court has personal jurisdiction over the Defendants because, among other things, Defendants conduct business in the Commonwealth of Massachusetts and in this judicial district, and thus enjoy the privileges and protections of Massachusetts law.

13.    Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,686,738

14. The '738 patent, titled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," issued on November 11, 1997. A true and correct copy of the '738 patent is attached hereto as Exhibit A.

15. Theodore D. Moustakas, Ph.D., Professor of Electrical and Computer Engineering at BU, is the named inventor of the '738 patent. The University owns by assignment the entire right, title, and interest in and to the '738 patent, including the sole right to sue for past and present patent infringements thereof.

16. The University is informed and believes, and thereon alleges, that Defendants use, sell, offer for sale, and/or import Samsung LED products bearing part numbers SPHWWTHDD805WHT0GD, SPHWHTHAD603S0R0MZ and/or SPMWHT221MD5WAP0S0 which include a gallium nitride thin film semiconductor device claimed by the '738 patent and thus infringe one or more claims of the '738 patent. The University is informed and believes, and further alleges, that additional products used, sold, offered for sale, and/or imported by Defendants also constitute and/or include the claimed gallium nitride thin film semiconductor device and also infringe one or more claims of the '738 patent, including but not limited to light emitting diodes ("LEDs") (all products accused of infringement above are collectively referred to as "Accused Products").

17. The University is informed and believes, and thereon alleges, that the applicable requirements of 35 U.S.C. § 287 have been satisfied.

18. The University is informed and believes, and thereon alleges, that Defendants have infringed, and continue to infringe, one or more claims of the '738 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering to sell, selling and/or importing

4

in and/or into the United States, without authority or license from the University, the Accused Products falling within the scope of one or more claims of the '738 patent.

19. Defendants' acts of infringement have caused and will continue to cause substantial and irreparable damage to the University.

20. As a result of the infringement of the '738 patent by Defendants, the University has been damaged. The University is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled but that will be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the University prays for entry of judgment against each Defendant as follows:

A. That Defendants infringed the '738 patent under 35 U.S.C. § 271(a);

B. That Defendants provide to the University an accounting of all gains, profits and advantages derived by each Defendant's infringement of the '738 patent, and that the University be awarded damages adequate to compensate them for the wrongful infringement by each Defendant, in accordance with 35 U.S.C. § 284;

C. That this is an exceptional case and that the University be awarded any other supplemental damages and interest on all damages, including, but not limited to attorney fees available under 35 U.S.C. § 285.

D. That the Court preliminarily and thereafter permanently enjoin Defendants and all those in privity with them from importing, making, having made, selling, offering for sale, distributing and/or using products that infringe the '738 patent, including but not limited to SPHWHTHAD603S0R0MZ, SPHWWTHDD805WHT0GD, SPMWHT221MD5WAP0S0, and the other Accused Products, in the United States; and

E.      That the University be awarded such other and further relief as this Court may deem just and proper, including but not limited to equitable relief and all remedies available at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the University hereby demands a trial by jury on all issues triable to a jury.

Dated: May 3, 2013

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY
By its attorneys,

*/s/ Ilan N. Barzilay*
Ilan N. Barzilay (BBO #643978)
ibarzilay@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile:  (617) 946-4801

*Of Counsel*

Michael W. Shore (Texas 18294915)
Alfonso Garcia Chan (Texas 24012408)
Eve L. Henson (Texas 00791462)
Andrew M. Howard (Texas 24059973)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111